UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE SUBPOENA TO: <br> CHRONOTEK SYSTEMS, INC., | § <br> § | MISCELLANEOUS NO. 07-0279 |
| | § | |
| TOKOYO KEISO COMPANY, LTD. & <br> KROHNE MESSTECHNIK GMBH & CO. <br> KG, <br>     PLAINTIFFS, | § <br> § <br> § <br> § <br> § | |
| | § | |
| VS. | § | SACV 06-374 ODW (RNBX) IN THE |
| | § | UNITED STATES DISTRICT COURT FOR |
| SMC CORPORATION, & SMC <br> CORPORATION OF AMERICA, <br>     DEFENDANTS. | § <br> § <br> § | THE CENTRAL DISTRICT OF <br> CALIFORNIA |

## **ORDER**

This matter is before the court on the sealed motion to compel (Dkt. 5) filed by Tokoyo Keiso Company, Ltd. (Tokoyo).[1] Tokoyo has sued SMC Corporation in the United States District Court for the Central District of California for allegedly violating Tokoyo's patent for a flow meter. Tokoyo has issued a subpoena to non-party Chronotek Systems Inc. seeking production of its "source code" for the software it developed to operate the allegedly infringing flow meter manufactured and sold by SMC.

This court appointed Alan D. Rosenthal as special master for the purpose of providing a report and recommendation regarding the relevance and necessity of the highly technical

---

[1] The district court referred the motion to this magistrate judge for disposition (Dkt. 6).

information at issue to the underlying patent dispute. Special Master Rosenthal has issued his report and recommendation, which has been filed in this case under seal (Dkt. 28).

Compliance with a subpoena is governed by Rule 45 of the Federal Rules of Civil procedure. Rule 45(c)(1) requires a party or attorney serving a subpoena to take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. If a subpoena requires disclosure of a trade secret or other confidential research, development, or commercial information, the court may order that the production be made only under specified conditions. FED. R. CIV. PRO. 40(c)(B). There is no dispute in this case that the subpoenaed source code qualifies as a confidential trade secret that is only in the possession of Chronotek and is not available from any other source.

Tokoyo must demonstrate that it has a substantial need for the material. 9 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, § 2043, at 559 (2d ed. 1995) ("If . . . confidential information is being sought, the burden is on the party seeking discovery to establish that the information is sufficiently relevant and necessary to his case to outweigh the harm disclosure would cause to the person from whom he is seeking the information."). Tokoyo argues that it is entitled to production of the entire, unredacted source code in order to determine if SMC's flow meter satisfies Claim 1 of the patent in suit, which requires "a first sharp, precisely definable leading edge of the pulsed acoustic signal transmitted by one of the measuring heads that is used for direct time measurement."

2

Chronotek insists that Tokoyo has not met, and cannot meet, its burden to show substantial need for the source code because there is no dispute that SMC's flow meters use a cross-correlation technique that uses the entire waveform to measure volumetric flow.

After reviewing the parties' submissions, the special master found that while it is undisputed that SMC's device uses a cross-correlation method of measurement, it does not necessarily follow that the source code is irrelevant to Tokoyo's claims against SMC. The two measurement techniques are not always mutually exclusive. Some cross-correlation techniques may use the leading edge of the signal to perform the time measurement, in whole or in part. In the words of the special master:

> ... To the extent that ... Chronotek's source code includes a waiting or rest period between pulses and determines the start of a pulse by monitoring the amplitude of the received signal to see if it exceeds a predetermined threshold, then it may be argued that this predetermined threshold constitutes a 'sharp, precisely definable leading edge,' and this information would be relevant to the dispute and likely admissible. On the other hand, to the extent that the Chronotek software continuously processes the intervals between pulses the same as when a pulse is received, then there is no use of a 'sharp, precisely definable leading edge' to perform the time measurement because the leading edge has not been defined, much less precisely defined.

Dkt. 28, at 13. The special master then concluded:

> To the extent that the Chronotek software includes portions that disclose the detection of a pulse by the amplitude of the received signal exceeding the defined threshold, whether or not that threshold is the measuring point itself, than that portion of the source code should be produced.

*Id.*

The court adopts the special master's report and recommendation. Tokoyo has met its burden to show a substantial need for the portion of the source code (if any) pertaining to the use of a threshold amplitude value to detect the arrival of a pulse signal. It is therefore

ORDERED that Tokoyo's motion is granted in part and denied in part. Chronotek shall produce the portions of its source code, if any, that disclose, describe, or implement the use of a threshold amplitude to indicate the arrival of a pulse or otherwise initiate processing of the pulse signal. If the software does not use a threshold amplitude value as an indication of the arrival of a pulse or to otherwise initiate signal processing of the pulse, Chronotek shall produce an affidavit from a knowledgeable employee testifying to that fact. Either the source code or the affidavit must be produced no later than August 15, 2007. Tokoyo's request for the entirety of the source code is denied. It is further

ORDERED that the Chronotek source code shall be produced subject to an appropriate protective order, enforceable by this court, limiting disclosure of the source code produced to Tokoyo's attorney's eyes only, and limiting use of the produced information to defense of Tokoyo's patent infringement case against SMC, civil action SSACV06-374 ODW (RNBX), pending in the Central District of California.

Signed at Houston, Texas on July 27, 2007.

Stephen Wm. Smith
United States Magistrate Judge